[Civil No. 3246. Filed December 7, 1934.]

[38 Pac. (2d) 643.]

PEOPLES FINANCE & THRIFT COMPANY, a Corporation, Appellant, v. PIMA COUNTY, a Municipal Corporation of the State of Arizona, Appellee.

Messrs. Mathews & Bilby and Mr. T. K. Shoenhair, for Appellant.

Mr. Clarence E. Houston, Mr. Carlos G. Robles and Mr. Odin B. Dodd, for Appellee.

Messrs. Struckmeyer & Jennings and Mr. Harold Baxter, *Amici Curiae*.

ROSS, C. J.—The People's Finance & Thrift Company, a domestic corporation, whose principal place of business is Tucson, Pima county, Arizona, was assessed, so it alleges, for the years 1927, 1928, 1929 and 1930 upon both its real and personal property and the shares of its capital stock. It paid the taxes under protest, and thereafter brought this action against Pima county to recover the sum paid on the shares of its capital stock, contending that the law does not authorize or permit the county to assess and collect taxes on such shares. The defendant's answer consists of a general demurrer and a special demurrer, the latter raising the statute of limitations. The general demurrer was sustained, and, the plaintiff electing to stand on its complaint, judgment was entered for the defendant, from which this appeal is prosecuted.

The plaintiff, according to the allegations of its complaint, is engaged only in the business of loaning to divers persons its money obtained from the sale of its capital stock to its various shareholders. It is not engaged in the business of a bank, a savings bank, trust company or building and loan association, and does not receive money on deposit. Some of its capital, it alleges, is invested in personal and real property.

The assessment of the shares of the capital stock, it is alleged, was for the years 1927, 1928 and 1929,

made under the provisions of paragraph 4850, Revised Statutes of 1913 (Civil Code), and for the year 1930 under the provisions of section 3069, Revised Code of 1928; the latter being a revision of the former, with identical meaning so far as the question here involved is concerned. Plaintiff insists (1) that such sections of the statutes were not intended to authorize the taxing of the shares of the capital stock of corporations, such as itself, engaged only in lending their money; (2) that, if the statutes grant such authority, they are unconstitutional and void as being contrary to the equal protection clause of the Fourteenth Amendment to the Federal Constitution, and the uniformity rule of section 1, article 9, of the state Constitution; and (3) that such a construction would permit double taxation. The revision, as contained in section 3069, *supra,* reads:

"The property of corporations shall be assessed and taxed, and no assessment shall be made of the shares of stock of corporations, nor shall any holder thereof be taxed for such shares. The foregoing provision shall not apply to a banking corporation, and a corporation or association engaged in the business of using money wherewith to make money for the owners of its shares (other than a building and loan corporation or association) the shares of stock of which shall be assessed and taxed as other property, in the name of the shareholders of the several shares thereof, to be entered and taxed in the name of, and be payable by, such corporation or association."

Section 3070, Revised Code of 1928, provides that the officers "in charge of any such banking corporation or such corporation or association engaged in the business of using money wherewith to make money" shall make a return to the assessor, upon his demand, showing the names of shareholders, their residence, number of shares owned by each, etc. It also requires the shareholder to make a return of his shares, to-

gether with certain data enumerated, and provides that the taxes due on shares shall be paid by the corporation or association, which shall have a lien against the shares of stock, and that the corporation shall not pay any dividend to or permit the transfer of any stock on its books of any shareholder in default.

The method here provided for taxing banking corporations and institutions of kindred nature is one generally in vogue. It does not undertake to assess or tax the corporation's capital stock or assets. *Federal Land Bank of Berkeley* v. *Yuma County,* 42 Ariz. 45, 22 Pac. (2d) 405. The tax is assessed against and imposed upon the shares of stock of the shareholders, and the corporation is designated or constituted as a kind of agent through which to collect the tax from the shareholders. *Home Sav. Bank* v. *Des Moines,* 205 U. S. 503, 27 Sup. Ct. 571, 51 L. Ed. 901; *Merchants' & Manufacturers' Nat. Bank* v. *Pennsylvania,* 167 U. S. 461, 17 Sup. Ct. 829, 42 L. Ed. 236. Plaintiff is in error in alleging that the assessment of shares of stock was against it or its property. The statute does not authorize the assessment of plaintiff's property.

It is elaborately argued that sections 3069 and 3070 do not permit or authorize the taxation of the shares of the plaintiff's capital stock; that the method of taxing it is prescribed in the first sentence of section 3069, in other words, that the language ''no assessment shall be made of the shares of stock of corporations, nor shall any holder thereof be taxed for such shares,'' applies to plaintiff. This, it is argued, is the method of taxing corporations generally, and the subsequent provision of the section does not take plaintiff out of that category. It is reasoned that the corporations to which ''the foregoing provision'' does not apply are commercial banks, savings banks, and

trust companies, as defined by section 209, Revised Code of 1928, or banks of deposit engaged, among other things, in lending the money of their depositors to make money. In arriving at such conclusion, it is reasoned that the expression "and a corporation or association engaged in the business of using money wherewith to make money for the owners of its shares" means banks or institutions that accept deposits and use them wherewith to make money, and not corporations or associations engaged only in lending their money realized from stock sales.

The legislature, we will assume, used the words "banking corporations" with a knowledge of their meaning, and by the words "corporation or association" added thereto another class of institution not falling strictly within the definition of a banking corporation but performing some of its functions, such as lending money. We think the allegations of the complaint bring the plaintiff within the class of corporations whose stockholders are assessed on their shares, and not the class where the property of the corporations is assessed and taxed.. It is asserted that such classification is (1) based wholly on ownership and not upon differences in the property assessed; (2) is discriminatory between plaintiff and corporations similarly situated and between plaintiff and individuals who loan their own money to make money.

Classification of property for purposes of taxation is permissible under our Constitution (section 1, article 9). The power to classify is legislative, and is not limited or restricted, except that the tax must be uniform upon the same class of property within the taxing unit. Thus the legislature is invested with a broad discretion in the matter of classifying property for tax purposes, and that discretion is not controlled or restrained by the equal protection clause of

the Fourteenth Amendment, except that it may not be exercised for the purposes of unfair and unreasonable discrimination as between taxpayers of the same class, or be arbitrary, specious, or fanciful. Classification should rest upon real differences and be reasonable. *State Tax Commission* v. *Shattuck et al. ante,* p. 379, 38 Pac. (2d) 631, decided November 27, 1934.

It seems to us that there are real substantial differences between the shares of stock of a corporation and the property of a natural person or partnership. These differences, or some of them, are enumerated in *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 162, 31 Sup. Ct. 342, 353, 55 L. Ed. 389, 418, Ann. Cas. 1912B 1312, as follows:

"The continuity of the business, without interruption by death or dissolution, the transfer of property interests by the disposition of shares of stock, the advantages of business controlled and managed by corporate directors, the general absence of individual liability, these and other things inhere in the advantages of business thus conducted, which do not exist when the same business is conducted by private individuals or partnerships."

The placing of shares of stock of banks, savings banks, trust companies or associations, engaged in using money wherewith to make money, in a class cannot justly be said to be by reason of their ownership, but because their general characteristics differentiate them from the individual's property. These differences are such that the method or manner of assessing, levying and equalizing taxes for them cannot be conveniently and practically applied to the property of natural persons any more than the manner or method of assessing the property of the natural person can be used for corporate property.

Nor do we think such classification works a discrimination against plaintiff and in favor of corporations engaged in general business or natural persons who loan their money to make money. As was said in *Comanche County* v. *American National Bank,* 122 Okl. 34, 252 Pac. 408, 409:

"The shares of stock in banking institutions have inherent characteristics that so differentiate them from all other kinds of taxable property as to take them out of ordinary methods of taxation and place them in a class by themselves for legislation, if such legislation in other respects complies with constitutional requirements. These peculiar characteristics are inherent in the shares of bank stock, because of the unique nature of the business from which both their status as property and their value as such are derived. That which constitutes the property of the shareholder and its value is not derived, as in other businesses, from the production of wealth, such as manufacturing, farming, or commerce, but from dealing directly in the medium of exchange itself, money, by which the value of all other kinds of property is measured and adjudged, whether for the purpose of exchange or for those of taxation. This peculiar importance and distinction amply justifies the classification of such property into a class by itself for the purpose of constitutional legislation with respect to its assessment and taxation."

The inclusion of plaintiff in the same class with incorporated commercial banks, savings banks and trust companies does not discriminate against plaintiff. Plaintiff naturally falls within such classification. Its activities may not be as extensive or general as such other corporations, but, like them, it is a stock company whose capital is made up with the money realized from the sales of the shares of its capital stock, and, like them, it is engaged in using money wherewith to make money.

The method provided by the law of assessing the shares of stock of the shareholders of the corporation instead of the property of the corporation does not constitute double taxation, as persistently argued by plaintiff and *amici curiae*. There is under the statute no authority to tax the property of the corporation but only the shareholders' shares of stock. If the corporation was taxed on its property, as contended, any payment thereon, if made under protest, could doubtless be recovered, but the plaintiff does not seek such recovery.

The plaintiff corporation is a licensed money lender under chapter 45, section 1989 et seq., Revised Code of 1928, and a natural person or partnership may under said chapter obtain a license to carry on the same business; that is, the small loan business. It is said the law operates unequally as between plaintiff and individuals engaged in the same business. There is no allegation in the complaint that the individual lender escapes taxation, or that he does not pay taxes upon his intangibles. The law has been for years, and now is, that all property, including intangibles, is subject to taxation (with certain exceptions) at its full cash value. Sections 3066, 3067 and 3068, Rev. Code 1928. If, as suggested, the intangibles of the individual or partnership lender are not taxed, it is the fault of the taxing officers. If the maladministration of the law resulted in defeating uniformity and discriminated against plaintiff, or its shareholders, that fact should have been tendered as an issue. We cannot take judicial notice that the officers have not performed their duties.

We have considered all the points raised by plaintiff, and have come to the conclusion that the assessing of the shares of stock of shareholders in lieu of assessing plaintiff's property is not violative of the

Fourteenth Amendment to the Federal Constitution nor of any provision of our Constitution.

We have gone into this case fully, notwithstanding the doubts we entertain of the right of the plaintiff to maintain the action in the form presented. As we have heretofore stated, under the statutory method the property taxed is that of the shareholder and not of the plaintiff corporation. The latter, it is true, is required to pay the tax in the first instance, but is given a lien upon the shares of stock of the shareholder. So far as the complaint shows, the plaintiff, having the right and power to collect from the shareholder the taxes paid by it on his shares, may have been reimbursed. If that is true, the plaintiff would have no interest in collecting such tax back from the county. The shareholder would be the only person injured and the only person entitled to recover the tax. If for any reason the plaintiff had not reimbursed itself for the taxes paid by it, it seems such fact should be made to appear in its complaint.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.