[Civil No. 3650. Filed February 17, 1936.]

[54 Pac. (2d) 555.]

L. R. GIBBONS, County Treasurer of Apache County, Appellant, v. Y. C. WHITE, as Superintendent of Banks of the State of Arizona, and Ex-officio Receiver of the Arizona Bank, an Arizona Corporation, Insolvent, Appellee.

Mr. Dodd L. Greer, County Attorney for Apache County, for Appellant.

Mr. John L. Sullivan, Attorney General, and Mr. Allan K. Perry, Mr. Evo De Concini and Mr. W. Francis Wilson, Assistants Attorney General, for Appellee.

LOCKWOOD, C. J.—This is an appeal by L. R. Gibbons, as treasurer of Apache county, from a judgment of the superior court of Maricopa county, denying his application for an order to show cause why the superintendent of banks, as *ex-officio* receiver of the Arizona Bank, an insolvent banking corporation, should not be required to pay certain taxes due Apache county from said bank.

The facts are nowise in dispute, and may be stated as follows. During and prior to 1932, the Arizona Bank, hereinafter called the bank, was a banking corporation organized under the laws of Arizona, and owned and operated a branch bank at McNary, in Apache county. Between the 1st day of January, 1932, and the 1st day of April, 1932, the bank rendered to the assessor of Apache county a statement show-

ing the value of its taxable property located within said county for that year, and the board of supervisors thereupon assessed it on a valuation of $47,309. At some time after the taxes for the year 1932 became due and payable, the bank suspended business, and all of its assets were taken over by the superintendent of banks, and ever since have been in his possession for the purpose of liquidation. No part of the tax on the assessment aforesaid having been paid, Gibbons, in February, 1935, presented his claim for such tax to the superintendent of banks, who rejected the claim in full, filing the rejected claim in the superior court of Maricopa county, where the estate of the bank is in process of administration. Thereafter, Gibbons filed his application in the superior court asking for an order to show cause why the superintendent of banks should not be directed to pay the taxes. The superintendent moved to dismiss the application on the ground that it did not show facts sufficient to entitle petitioner to relief. This motion was sustained, and the treasurer electing to stand upon his application, the court entered an order denying the relief, whereupon this appeal was taken.

The case turns on the construction of sections 3069, 3070 and 3071, Revised Code of 1928, which read, so far as is material to this question, as follows:

"§ 3069. . . . The property of corporations shall be assessed and taxed, and no assessment shall be made of the shares of stock of corporations, nor shall any holder thereof be taxed for such shares. The foregoing provision shall not apply to a banking corporation, and a corporation or association engaged in the business of using money wherewith to make money for the owners of its shares (other than a building and loan corporation or association) the shares of stock of which shall be assessed and taxed as other property, in the name of the shareholders of the several shares thereof, to be entered and taxed

in the name of, and be payable by, such corporation or association.

"§ 3070. . . . The taxes due thereon shall be paid by such corporation or association, and shall be a lien against and assessed to such shares of stock. . . .

"§ 3071. . . . When a bank maintains branches or conducts business in more than one county, city or town, the assessed value of the capital stock shall be apportioned among the several counties, cities and towns in which the main office or such branches are maintained or business conducted, and the amount apportioned to each county, city or town shall not be less than the actual cash value of the real and personal property of such bank situated in such county, city or town."

Under these sections, banks are not assessed directly upon the actual value of their assets, tangible and intangible, but the shares of stock are assessed at their true cash value, which depends primarily upon the earning power of the stock and the difference between the assets and liabilities of the bank.

It is contended by the treasurer that under these sections the tax is levied against and paid by the bank primarily, and that it, in its corporate capacity, is reimbursed therefor by collection from the various stockholders. It is the position of the superintendent of banks, on the other hand, that the tax is primarily against the stockholders and not against the bank as a corporation, it being made by the statute only the agent of the stockholders from whom, for the purpose of convenience, the state may collect the taxes payable by the former. We think the question has been settled by this court in the cases of *Federal Land Bank* v. *Yuma County*, 42 Ariz. 45, 22 Pac. (2d) 405, and *People's Finance & Thrift Co.* v. *Pima County*, 44 Ariz. 440, 38 Pac. (2d) 643, 644. We quote from these cases, respectively, as follows:

"It is unquestionably true that as long as the Farmers' Commercial State Bank was a going concern, and actively engaged in the banking business, the method prescribed in sections 3069–3072, *supra,* was exclusive. The tax thereunder is against the shares of stock and not against the capital or assets of the bank. The obligation or duty of the bank to assist the tax authorities in the collection of the taxes is imposed, but the tax itself remains a charge against the stock of the shareholder."

"The method here provided for taxing banking corporations and institutions of kindred nature is one generally in vogue. It does not undertake to assess or tax the corporation's capital stock or assets. *Federal Land Bank of Berkeley* v. *Yuma County* [42 Ariz. 45], 22 Pac. (2d) 405. The tax is assessed against and imposed upon the shares of stock of the shareholders, and the corporation is designated or constituted as a kind of agent through which to collect the tax from the shareholders. *Home Sav. Bank* v. *Des Moines,* 205 U. S. 503, 27 Sup. Ct. 571, 51 L. Ed. 901; *Merchants' & Manufacturers' Nat. Bank* v. *Pennsylvania,* 167 U. S 461, 17 Sup. Ct. 829, 42 L. Ed. 236. Plaintiff is in error in alleging that the assessment of shares of stock was against it or its property. The statute does not authorize the assessment of plaintiff's property."

 Since the bank is in the process of liquidation, the only asset belonging to the stockholders is what remains after the creditors have been paid in full. If, as, and when this last event occurs, if there be a remainder for the stockholders, doubtless in proper proceedings the superintendent of banks will pay the tax involved herein, but since the tax is levied against the stock and is a lien thereon, it can only be paid from funds belonging to the stockholders, and until the liquidation is completed, it cannot be determined whether any such funds remain in his hands.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.